UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-322-MOC

| | |
|---|---|
| TERRY MCCLELLAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARTIN O'MALLEY, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's complaint for review of decision by the Commissioner of Social Security. (Doc. No. 1). In support of her complaint, Plaintiff filed a Social Security brief. (Doc. No. 10). Defendant filed a response brief, and Plaintiff filed a reply. (Doc. Nos. 12, 13). Having carefully considered the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I.  Administrative History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on June 14, 2021, with an alleged onset date of December 3, 2019. After a hearing on November 3, 2022, a Social Security Administration Administrative Law Judge ("ALJ") denied Plaintiff's application. Plaintiff submitted an appeal request, which the Appeals Council denied. The ALJ's decision is thus the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed this action following the Appeals Council's decision.

1

## II. Standard of Review

The Social Security Act limits judicial review of the Commission's final decision—here, the ALJ's denial of Plaintiff's application. 42 U.S.C. § 405(g). This Court's review is further restricted to whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015); Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). The Court may not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court will defer to the Commissioner. Id. (internal quotation marks omitted).

To the extent the ALJ's findings of fact are supported by substantial evidence, those findings are conclusive. Id.; Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The "substantial evidence" standard does not require "a large or considerable about of evidence," Pierce v. Underwood, 487 U.S. 552, 564–65 (1988), but merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). To satisfy the substantial evidence standard, the ALJ need only find "more than a mere scintilla" of support for the Commission's decision. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2018).

### a. Sequential Evaluation

The Commissioner, through ALJs, uses a five-step sequential review process to determine whether a claimant is disabled. That process unfolds as follows:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)–(f). Here, Plaintiff assigns error to step four of the ALJ's sequential evaluation.

### b. The Administrative Decision

The ALJ applied the foregoing sequential evaluation to determine Plaintiff's disability status. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 3, 2019, the alleged onset date. (Doc. No. 5-2 at 19). At step two, the ALJ found that Plaintiff suffers from the following severe impairments: hypertension, chondromalacia of the right humeral head status-post subacromial decompression ("right upper extremity"), and arthritis. (Id.). At step three, the ALJ found that none of Plaintiff's impairments, or combinations thereof, met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 21–22). At step four, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c) with some limitations on postural activities. (Id. at 22). Specifically, the ALJ found that Plaintiff had the

3

> residual functional capacity to perform medium work . . . except she can
> frequently but not continuously perform all postural activities but should avoid
> workplace hazards including ladders, ropes, scaffolds, unprotected heights, or
> machinery with dangerous parts. She is able to sustain attention and concentration
> for two hours at a time. She can frequently but not continuously use the right
> upper extremity for pushing, pulling, and operating hand controls and for reaching
> in all directions, including overhead, as well as for find and gross manipulations.

(Id.). At step five, the ALJ found that while Plaintiff is unable to perform any past relevant work, Plaintiff's RFC leaves her able to perform several different jobs such as inspector, packer, or janitor. (Id. at 27).

### III. Discussion

Plaintiff contends that the ALJ failed to adequately account for Plaintiff's limited use of her right upper extremity in the ALJ's RFC assessment. Specifically, Plaintiff argues that the ALJ's assessment of medical opinion evidence was erroneous, and the ALJ failed to perform a function-by-function analysis of Plaintiff's contested and relevant functions. (Doc. No. 10 at 4). To prevail on appeal, Plaintiff must show that (1) the ALJ's RFC did not account for these limitations, and (2) the ALJ's RFC was unsupported by substantial evidence. Plaintiff cannot carry this burden.

Plaintiff maintains that the ALJ's RFC determination of medium work capacity improperly disregarded the May 2020 functional capacity examination conducted by orthopedic surgeon Dr. Jesse West and physical therapist Charles Robbins. (Id. at 7). That examination's findings restricted Plaintiff to light physical exertion and work. (Id.). But the ALJ did not improperly disregard the May 2020 examination. Instead, the ALJ thoughtfully evaluated Dr. West's opinion before explaining why the ALJ remained unpersuaded by the evidence. In particular, the ALJ noted that the functional capacity examination was conducted only five months after Plaintiff's rotator cuff surgery, before Plaintiff had completed physical therapy. (Doc. No. 5-2 at 25). The ALJ further found the May 2020 examination inconsistent with other evaluations completed at

later dates. Specifically, the ALJ highlighted the opinions of Drs. Joan Ordman and Suzanne Kersbergen, who found that Plaintiff could perform work at the medium exertional level. (Id.). The ALJ also noted Dr. Tony Canupp's opinion that it would be "difficult" to find that Plaintiff suffered major functional limitations. (Id.). Thus, the ALJ's conclusion—i.e., that Dr. West's and Mr. Robbins' May 2020 examination was unpersuasive in light of subsequent examination findings—satisfies the substantial evidence standard. The Court is not at liberty to re-weigh the evidence and resolve conflicts between conflicting physician opinions. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Plaintiff additionally argues that the ALJ's RFC improperly excluded a function-by-function evaluation. (Doc. No. 10 at 12). Plaintiff is incorrect. The ALJ, explaining her RFC finding, systematically identified Plaintiff's symptoms, reviewed the medical opinions and Plaintiff's testimony, and drew a conclusion. In considering Plaintiff's right upper extremity injury and arthritis, the ALJ first considered Plaintiff's testimony on the intensity, persistence, and limiting effects of the symptoms. (See Doc. No. 5-2 at 22). The ALJ acknowledged Plaintiff's difficulty with pushing, pulling, and lifting small objects, and the effect of Plaintiff's impairments on household chores and other daily tasks. (Id.). The ALJ then weighed Plaintiff's testimony against the medical evidence, such as Plaintiff's failure to continue physical therapy treatment for her shoulder, Plaintiff's grip strength test being normal, and the aforementioned examinations by Drs. West, Ordman, Kersbergen, and Canupp, and Mr. Robbins. (Id. at 24–26). ALJs need only explain in general terms how they reconciled conflicting evidence, and err only when the reviewing court is "left to guess about how the ALJ arrived at [her] conclusions." Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019); Mascio 780 F.3d at 632, 637. Here, the ALJ's

5

reconciliation of conflicting evidence is supported by adequate explanation, and so there is no error for this Court to reverse.

## IV. Conclusion

For the foregoing reasons, the Court will affirm the Commissioner's decision, deny Plaintiff's request for remand, and dismiss Plaintiff's appeal.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner is **AFFIRMED**;

(2) Plaintiff's request for remand to the Commissioner (Doc. No. 1) is **DENIED**;

(3) This action is **DISMISSED**.

(4) The Clerk is directed to terminate Doc. Nos. 10 and 12 to show them as no longer pending in accordance with this Order.

Signed: August 5, 2024

Max O. Cogburn Jr.
United States District Judge